UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Louis Fuller, Jr., # 067529, <br> *aka*, *Lewis Fuller*, <br><br> Petitioner; <br><br> vs. <br><br> Michael McCall, Warden, <br><br> Respondents. | ) C/A No.: 4:09-36-HMH-TER <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Petitioner, who is proceeding *pro se*, has filed this matter pursuant to 28 U.S.C. § 2254. He is incarcerated at Perry Correctional Institution, a facility run by the South Carolina Department of Corrections. Petitioner attacks his conviction for murder which was entered after a plea of guilty in 1968. Subsequent to his plea, petitioner received a sentence of death. His conviction and sentence were affirmed. *State v. Fuller*, 174 S.E.2d 774 (S.C. 1970). The death sentence was vacated by *Fuller v. South Carolina*, 408 U.S. 937 (1972), and petitioner was subsequently sentenced to life imprisonment.

Since his conviction 41 years ago, petitioner has filed numerous collateral attacks in state court challenging his conviction and sentence. Petitioner also filed a petition for writ of habeas corpus in 2005. *See Fuller v. Bazzle*, Civil Action No. 4:05-2899-HMH-TER (D.S.C. 2005). This court may take judicial notice of Civil Action No. 4:05-2899-HMH-TER. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition, pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted

in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, (1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

As noted above, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court in 2005. Petitioner's prior habeas corpus petition was dismissed as untimely under 28 U.S.C. § 2244(d). The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) took effect, in part, as a statute of limitations for federal habeas corpus relief, on April 24, 1996. For petitioners whose convictions became final prior to April 24, 1996, a one year period running from the effective date of April 24, 1996 has been judicially recognized. *Crawley v. Catoe*, 257 F.3d 395 (4th Cir. 2001); *Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001); Hernandez v. Caldwell, 225 F.3d 435

2

(4th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000); *Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998). Therefore, petitioner should have sought habeas corpus relief in this court any time before April 24, 1997.

In order to file a second or successive habeas petition, such as this one, a petitioner must seek leave from the Fourth Circuit Court of Appeals as required under the AEDPA. There is no indication, however, that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the above-captioned case. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.

### **RECOMMENDATION**

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* as a successive § 2254 petition, *without requiring the respondents to file a return*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
February 19, 2009                                        United States Magistrate Judge
Florence, South Carolina

***The petitioner's attention is directed to the important NOTICE on the following page***.

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).